UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Alfred William LaSure,<br>formerly #264677,<br><br>              Petitioner,<br><br>vs.<br><br>South Carolina Department of Mental Health,<br><br>              Respondent. | C/A No. 9:13-3136-RBH-BM<br><br>**REPORT AND RECOMMENDATION** |

The instant Petition for Writ of Habeas Corpus, as amended, filed pursuant to 28 U.S.C. § 2241,[1] has been submitted to this Court by Petitioner, who alleges that he is an involuntarily committed patient in the Sexually Violent Predator Treatment Program ("SVP Treatment Program") of the South Carolina Department of Mental Health ("SCDMH"), and is currently in the custody of SCDMH in Columbia, South Carolina. Petitioner is proceeding *pro se* and *in forma pauperis*.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in this case pursuant to the procedural provisions of the Rules Governing Habeas Corpus Cases Under Section 2254, the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992), *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989), *Haines v. Kerner*, 404 U.S. 519 (1972), *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995), *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983), and *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). *Pro se* petitions

---



[1] *See Gaster v. S.C. Dep't of Corrs.*, 67 F. App'x 821, 821 n. * (4th Cir. 2003) (Where the challenge is to the constitutionality of a state civil commitment, the case may properly be characterized as a petition under 28 U.S.C. § 2241.).

are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a *pro se* petition to allow the development of a potentially meritorious case, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972).

However, even when considered under this less stringent standard, the undersigned finds for the reasons set forth hereinbelow that the petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (outlining pleading requirements under the Federal Rules of Civil Procedure).

## DISCUSSION

As stated in an earlier case before this Court,[2] Petitioner "has been convicted of committing a lewd act on a child under the age of sixteen (16), and after maxing out his sentence was transferred to the Behavior Disorders Program as a sexually violent predator (SVP) pursuant to S.C. Code Ann. § 44-48-10, et. seq." *LaSure v. Pauer*, C/A No. 0:07-cv-331-RBH, 2008 WL 746991, *5 (D.S.C. Mar. 18, 2008).[3] The instant Petition challenges his continued commitment on the following grounds: (i) it violates both the ex post facto and double jeopardy provisions of the United

---

[2] This Court may take judicial notice of its own records. *See Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (District Court clearly had the right to take notice of its own files).

[3] "The SVP Act allows the commitment of persons determined to be sexually violent predators (SVPs) beyond the completion of their criminal sentence." *LaSure v. Pauer*, C/A No. 0:07-cv-331-RBH, 2008 WL 746991, *5 (D.S.C. Mar. 18, 2008).

States Constitution; (ii) it is a violation of the separation of powers doctrine in that the legislature has changed his judge-given sentence; (iii) neither Petitioner nor his counsel were afforded the opportunity to challenge "legal" documents from Florida; (iv) the State did not meet its burden of proof during Petitioner's civil commitment proceedings; and (v) a civil commitment is unconstitutional, citing *Kansas v. Crane*, 534 U.S. 407 (2002).[4] (ECF No. 11.) For relief, Petitioner asks for monetary damages and for the appointment of two licensed psychologists and/or physicians who:

> [W]ill make a clean and clear Opinion as to the workings of this Prison Civil Commitment Plan as it [sic] dose not meet the requirements that are sat down in Kansas v. Crane, Kansas V Hendricks, this Place is all punishment and no treatment because treatment is 2 hours a week.

(ECF No. 11 at 6 (errors in original).)

Habeas corpus is the means by which a person in custody pursuant to the judgment of a State court "challenges the fact or duration of his confinement and seeks immediate or speedier release." *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994); *see also* Rules Governing § 2254 Cases, Rule 2(c)(3), 28 U.S.C. foll. § 2254[5] (requiring the habeas petition to "state the relief requested").

---

[4] Although Petitioner has previously challenged his commitment by appeal to the South Carolina Supreme Court, *In re Lasure*, 666 S.E.2d 228 (S.C. 2008), there is no indication that any state court has previously adjudicated these claims. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (exhaustion requires a petitioner to have offered the state courts an adequate opportunity to address the constitutional claims advanced on federal habeas); *see also Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490–91 (1973) (exhaustion also required under 28 U.S.C. § 2241). State law requires that all grounds for relief be stated in post-judgment filings, as applicable, in the first instance. *See* S.C. App. Ct. R. 203; *see also Blakeley v. Rabon*, 221 S.E.2d 767, 770 (S.C. 1976). Failure to do so will result in the application of a procedural bar to that claim by the South Carolina Supreme Court. *See Marlar v. State*, 653 S.E.2d 266 (S.C. 2007).

[5] The Rules Governing Section 2254 Cases may be applied in habeas actions filed pursuant to 28 U.S.C. § 2241. *See* Rules Governing § 2254 Cases, Rule 1(b), 28 U.S.C. foll. § 2254 ("[A] district court may apply any or all of these rules to a habeas corpus petition not covered by Rule



3

The Petition seeks no such relief and, hence, is subject to summary dismissal for failure to state a claim upon which relief can be granted in a habeas action. Rather, Plaintiff seeks monetary damages. The habeas statutes do not authorize monetary damages, and so damages are not available in a habeas action. McKinney-Bey v. Hawk-Sawyer, No. 03-6455, 69 Fed. Appx. 113 (4th Cir. May 29, 2003)[Affirming dismissal of claim for monetary damages in a habeas action because "such relief is not available under 2241."]; Littlejohn v. South Carolina, No. 10-745, 2010 WL 1664889 at * 2 (D.S.C. Apr. 2, 2010)["Monetary damages are not available in habeas corpus action."]. Hence, in the absence of a request for habeas relief from Petitioner, the habeas petition filed in this case is frivolous and subject to summary dismissal. *See* Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254 ("If it plainly appears from the petition ... that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

The Petitioner also complains generally that his place of confinement, the "Old Death Row at Broad River Correctional Institution," fails to provide "Safe Conditions and more Consideration Condition of Confinement and Treatment then[sic] those imposed upon prison Inmates." (ECF No. 11 at 2.) Petitioner complains that he "now ha[s] more restrictions, limitations and the living conditions are much worse than prison." (*Id.* at 3.) He argues that his conditions of confinement fail to meet constitutional requirements. However, a civil rights action pursuant to 42 U.S.C. § 1983–rather than a petition for writ of habeas corpus–"is a proper remedy for a state [detainee] who is making a constitutional challenge to the conditions" of his life while detained. *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973).

---

1(a).").



4

> Section 1983 authorizes a "suit in equity, or other proper proceeding for redress," against any person who, under color of state law, "subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution." Petitioner's complaint states such a claim. . . . [C]onstitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of [the core of habeas corpus] and may be brought pursuant to § 1983 in the first instance.

*Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (first alteration in original). Accordingly, should Petitioner wish to pursue his claims regarding his conditions of confinement, he will need to file a case in this Court pursuant to § 1983. *See also Michau v. Charleston Cnty.*, 434 F.3d 725, 727–28 (4th Cir. 2006) (a person detained under South Carolina's Sexually Violent Predator Act "does not meet the PLRA's definition of 'prisoner'" and is not required to exhaust administrative remedies).

## RECOMMENDATION

Petitioner fails to state a cognizable claim under 28 U.S.C. § 2241. Accordingly, it is recommended that the Petition in the above-captioned case be dismissed without prejudice.

_____
Bristow Marchant
United States Magistrate Judge

January 17, 2014
Charleston, South Carolina

***Petitioner's attention is directed to the important notice on the next page.***

5



## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

